**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| NORTH AMERICAN VAN LINES, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIREBIRD MOVING & )<br>STORAGE, INC. )<br>)<br>Defendant. ) | CASE NO. 1:10-cv-199 |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Enforce Judgment by Proceedings Supplemental. (Docket #12.) On May 5, 2011, a default judgment in the amount of $162,442.57 was entered against the Defendant on the Plaintiff's Lanham Act and breach of contract claims. (Docket ##9, 10.) The Defendant has failed to pay that judgment and the Plaintiff now asks the Court to order Marc Espinosa, named as the Defendant's "owner," to appear before the Court in proceedings supplemental and answer to the Defendant's property.

On this record, however, the motion must be denied because it is not clear how the Court has jurisdiction over Espinosa to order him to personally appear. *See Goins v. Werner Enterprises, Inc.*, No. 3:07-cv-633, 2009 WL 5175208 (N.D. Ind. Dec. 22, 2009) (raising personal jurisdiction question *sua sponte*). To begin, the mere fact that Espinosa is alleged to be the owner of the Defendant does not subject him to this Court's jurisdiction. "Seventh Circuit law is clear—mere stock ownership is insufficient to establish personal jurisdiction over a shareholder." *Roser v. Jackson & Perkins Wholesale, Inc.*, No. 10 C 1894, 2010 WL 4823074, at *8 (N.D. Ill. Nov. 15, 2010) (citing *Judson Atkinson Candies, Inc. v. Latini-Hohberger*

*Dhimantec et al*, 529 F.3d 371, 381 (7th Cir. 2008) (citing *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001) ("[T]he fact that a corporation has only one single shareholder is not proof that the corporation is the 'alter ego' of that shareholder."))).

Alternatively, the Plaintiff may actually be alleging that Espinosa is in possession of corporate assets that may be used to satisfy the judgment. In that case, he must be named as a garnishee defendant and the Plaintiff must seek to pierce the Defendant's corporate veil. *See e.g., Mann v. Russell's Trailer Repair, Inc.*, 787 N.E. 2d 922 (Ind. Ct. App. 2003).[1]

Because it is not clear how the Court may exercise jurisdiction over Espinosa, the Plaintiff's Motion to Enforce Judgment by Proceedings Supplemental (Docket #12) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Enter for July 11, 2011.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge

---

[1] Indiana substantive law is applicable because Federal Rule of Civil Procedure 69(a) directs that in federal court proceedings supplemental "must accord with the procedure of the state where the court is located."